UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Mag. No. 12-4066 |
| v. | : Hon. Michael A. Hammer |
| ROBERT MUCHA | : **CRIMINAL COMPLAINT** |

I, Mark Lubischer, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

SEE ATTACHMENT A

I further state that I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations and that this Complaint is based on the following facts:

SEE ATTACHMENT B

continued on the attached page and made a part hereof.

_____
Mark Lubischer, Special Agent
Department of Homeland Security
Homeland Security Investigations

Sworn to before me and subscribed in my presence,
on July 26, 2012, at Newark, New Jersey

_____
HONORABLE MICHAEL A. HAMMER
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

On or about July 25, 2012, in Sussex County, in the District of New Jersey, and elsewhere, defendant

## ROBERT MUCHA

did knowingly possess material that contained at least three images of child pornography, as defined in Title 18, United States Code, Section 2256(8), which images were mailed and shipped and transported using any means or facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that were produced using materials that have been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2.

## ATTACHMENT B

I, Mark Lubischer, am a Special Agent with the Department of Homeland Security, Homeland Security Investigations. I have knowledge of the following facts based upon both my investigation and discussions with other law enforcement personnel and others. Because this affidavit is being submitted for the sole purpose of establishing probable cause to support the issuance of a complaint, I have not included each and every fact known to the government concerning this matter. Where statements of others are set forth herein, these statements are related in substance and in part. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1.  On July 25, 2012, law enforcement officers executed a search warrant at the residence of defendant ROBERT MUCHA in Newton, New Jersey (the "residence").

2.  At the residence, law enforcement discovered a significant amount of computer and digital equipment that belonged to defendant MUCHA. Among the files found on an external hard drive belonging to defendant MUCHA were at least three images of child pornography, as defined by Title 18, United States Code, Section 2256(8). Three of those images are described as follows:

    a.  **Image One: (22)feb21_39.jpg:** This image is taken from the perspective of an adult male laying naked on a bed. A blond prepubescent male child is leaning between the adult male's legs and is performing oral sex on the adult male. In the bottom left corner of the image is a blue signature stamp reading: "www.new-blue-orchid.tv".

    b.  **Image Two: (20)feb21_36.jpg**: This image depicts a close-up of a naked male's penis and abdomen, and a naked prepubescent male child lying next to the adult male. The child's right hand is holding the adult male's penis, appearing to be masturbating the adult male. In the bottom left corner of the image is a blue signature stamp reading: "www.new-blue-orchid.tv".

    c.  **Image Three: (42)new-blue-orchid_7.jpg:** This image depicts a close-up of a nude prepubescent male child sitting on the lap of an adult male wearing green plaid boxer shorts. The adult male's penis is exposed and leaning on the child's left leg. The child's penis is resting on top of the adult male's penis. In the bottom left corner of the image is a red ribbon with yellow lettering reading: "new-blue-orchid.net".

3.  During the search of his residence, and after being advised of his Miranda rights, defendant MUCHA admitted to law enforcement officers, among other things, that he owned and had control over the external hard drive on which the above-referenced images were discovered.

4.  Based upon my education, training and experience, and my discussions with other law enforcement officers, and to the best of my knowledge, the images described in paragraphs 2(a) through 2(c) above traveled in interstate commerce and were produced using materials that were mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, the images were downloaded from the Internet, based upon, among other things, the signature stamps on the images and their presence on defendant MUCHA's external hard drive.