

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Andrew J. Bruck*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

*Direct Dial: (973)645-2734*
*Facsimile: (973) 645-3497*

AJB/PL AGR
2012R00776

November 30, 2012

Carol Gillen, Esq.
Assistant Federal Public Defender
Federal Public Defender's Office
1002 Broad Street
Newark, New Jersey 07102

      Re:  <u>Plea Agreement with ROBERT MUCHA</u>

Dear Ms. Gillen:

      This letter sets forth the plea agreement between your client, ROBERT MUCHA ("MUCHA"), and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from ROBERT MUCHA to a two-count information, which charges knowing receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1), and enticing a minor to engage in criminal sexual activity, in violation of 18 U.S.C. § 2422(b). If MUCHA enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will (1) not oppose MUCHA's request that the sentence he receives on each count of conviction be served concurrently; and (2) not initiate any further criminal charges against MUCHA for knowingly possessing or receiving child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been mailed, and using any means and facility of interstate and foreign commerce, shipped, and transported in and affecting interstate commerce by any means, including by computer, from on or about May 2006 to July 26, 2012, or for enticing the child victim referenced in the Superseding Criminal Complaint, <u>United</u>

States v. Robert Mucha, Mag. No. 12-4066, dated November 21, 2012, to engage in sexual activity for which any person can be charged with a criminal offense, in or about October 2010. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, MUCHA agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by MUCHA may be commenced against him, notwithstanding the expiration of the limitations period after MUCHA signs the agreement.

Sentencing

The violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1) to which MUCHA agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory minimum prison sentence of 5 years. The violation of 18 U.S.C. § 2422(b) to which MUCHA agrees to plead guilty carries a statutory maximum prison sentence of life and a mandatory minimum prison sentence of 10 years. The sentence on each count can run consecutively, although as set forth in Attachment A, this Office will not oppose MUCHA's request that they run concurrently. Each count carries a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to 18 U.S.C. § 2252A(b)(1), if the Court determines that MUCHA has a prior conviction under Chapter 110, section 1591, Chapters 71, 109A, or 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, the violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1) to which MUCHA agrees to plead carries a mandatory minimum sentence of 15 years and a statutory maximum prison sentence of 40 years.

The sentence to be imposed upon MUCHA is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States

Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence MUCHA ultimately will receive.

Further, in addition to imposing any other penalty on MUCHA, the sentencing judge: (1) will order MUCHA to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order MUCHA to pay restitution pursuant to 18 U.S.C. § 2259; (3) may order MUCHA, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture, pursuant to 18 U.S.C. § 2253; and (5) pursuant to 18 U.S.C. § 3583 must require MUCHA to serve a term of supervised release of at least 5 years and may require MUCHA to serve up to a maximum term of life on supervised release, which will begin at the expiration of any term of imprisonment imposed. Should MUCHA be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, MUCHA may be sentenced to not more than 5 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

However, pursuant to 18 U.S.C. § 3583(k), should MUCHA be placed on a term of supervised release and MUCHA subsequently commit an offense while on release in violation of chapters 109A, 110, or 117, or section 1201 or 1591 of the United States Code, for which imprisonment for a term longer than 1 year can be imposed, MUCHA must be sentenced to at least 5 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release. In addition, MUCHA must, pursuant to the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. 109-248, §§ 113-115, 120 Stat. 587, 593-95 (July 27, 2006), comply with any applicable sex offender registration requirement in New Jersey, and in each jurisdiction where MUCHA resides, is employed, or is a student.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on MUCHA by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of MUCHA's activities and relevant conduct with respect to this case.

Stipulations

This Office and MUCHA agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or MUCHA from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and MUCHA waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

MUCHA agrees to forfeit to the United States all computer and computer accessories on which law enforcement, on or about July 25, 2012, discovered visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code; (2) all visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code, and all books, magazines, periodicals, films, videotapes, and other matter which contain any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Title 18 of the United States Code; (3) all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offense charged in the Information; and (4) all property, real and personal, used or intended to be used to commit or to promote the commission of the offense charged in the Information and all property traceable to such property ("Forfeitable Property"). See 18 U.S.C. § 2253. A list of specific items constituting the Forfeitable Property is set forth in the attached Schedule B, which is hereby made a part of this plea agreement.

MUCHA further agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. MUCHA agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. MUCHA understands that the forfeiture of Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

MUCHA hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Registration Consequences

MUCHA understands that his guilty plea to the charged offenses will likely result in a requirement that he register as a sex offender under federal and state law, and he will be subject to the registration law's requirements and penalties. MUCHA wants and agrees to plead guilty to the charged offenses regardless of any registration consequences of that plea. MUCHA understands that he is bound by his guilty plea regardless of any registration consequences of the plea. Accordingly, MUCHA waives any and all challenges to his guilty plea and to his sentence based on any registration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any registration consequences of his guilty plea.

Adam Walsh Child Protection and Safety Act

MUCHA has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where MUCHA resides; where he is an employee; and where he is a student. MUCHA understands that the requirements for registration include providing his name, his social security number, the address of any place where he resides or will reside, the names and addresses of any places where he is or will be an employee or a student, and the license plate number and a description of any vehicle owned or operated by him, among other information. MUCHA further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. MUCHA has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against MUCHA. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue), or any third party from initiating or prosecuting any civil or administrative proceeding against MUCHA.

No Other Promises

This agreement constitutes the plea agreement between MUCHA and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: ANDREW J. BRUCK
Assistant United States Attorney

APPROVED:

Matthew E. Beck
Deputy Chief, General Crimes Unit

I have received this letter from my attorney, Carol Gillen, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge(s), sentencing, stipulations, waiver, forfeiture, and registration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____   Date: April 8, 2013
ROBERT MUCHA


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge(s), sentencing, stipulations, waiver, forfeiture, and registration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____   Date: April 8, 2013
CAROL GILLEN, Esq.

- 9 -

Plea Agreement With ROBERT MUCHA

Schedule A

1. This Office and MUCHA recognize that the United States Sentencing Guidelines ("U.S.S.G.") are not binding upon the Court. This Office and MUCHA nevertheless agree to the stipulations set forth herein. This Office and MUCHA further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. This Office and MUCHA recognize that the violations to which MUCHA agrees to plead guilty carry mandatory minimum terms of imprisonment and that nothing in this agreement should be construed so as to limit MUCHA's exposure to those statutory requirements. Pursuant to U.S.S.G. § 5G1.1(b), where the statutorily required minimum sentence is greater than the maximum of the applicable Guideline range, the statutorily required minimum sentence shall be the Guideline sentence.

3. The version of the U.S.S.G. effective November 1, 2012 applies in this case.

Count One
(Receipt of Child Pornography)

4. The applicable guideline is U.S.S.G. § 2G2.2(a)(2). This guideline carries a Base Offense Level of 22.

5. Specific Offense Characteristic U.S.S.G. § 2G2.2(b)(2) applies in that the material involved a prepubescent minor. This Specific Offense Characteristic results in an increase of 2 levels.

6. Specific Offense Characteristic U.S.S.G. § 2G2.2(b)(6) applies in that the commission of the offense involved the use of a computer. This Specific Offense Characteristic results in an increase of 2 levels.

7. The total offense level for Count One is 26.

Count Two
(Enticement of Minors)

8. The applicable guideline is U.S.S.G. § 2G1.3(a)(3). This guideline carries a Base Offense Level of 28.

- 10 -

9. Specific Offense Characteristic U.S.S.G. § 2G1.3(b)(3) applies in that the offense involved the use of a computer. This Specific Offense Characteristic results in an increase of 2 levels.

10. The total offense level for Count Two is 30.

## Multiple Counts

11. Pursuant to U.S.S.G. §§ 3D1.1 and 3D1.2, the Guideline offense levels for Counts One and Two are not grouped together.

12. Pursuant to U.S.S.G. § 3D1.4, Counts One and Two constitute two units, resulting in an increase of 2 levels. The combined offense level is 32.

## Acceptance of Responsibility

13. As of the date of this letter, MUCHA has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if MUCHA's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

14. As of the date of this letter, MUCHA has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in MUCHA's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) MUCHA enters a plea pursuant to this agreement, (b) this Office in its discretion determines that MUCHA's acceptance of responsibility has continued through the date of sentencing and MUCHA therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) MUCHA's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

15. In accordance with the above, the parties agree that the total Guidelines offense level applicable to MUCHA is 29 (the "agreed total Guidelines offense level").

Statutory Minimum Sentences

16.  Count One carries a statutory minimum sentence of 5 years imprisonment, pursuant to 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1).

17.  Count Two carries a statutory minimum sentence of 10 years imprisonment, pursuant to 18 U.S.C. § 2422(b).

Other Agreements

18.  The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein.  The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 29 or from the statutory minimum sentences is reasonable.

19.  MUCHA knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 29, or is equal to the mandatory minimum term of imprisonment required by relevant statutes.  This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 29.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

20.  Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.